SUPREME COURT OF NEW JERSEY
D-13 September Term 2016
078302

IN THE MATTER OF

JOSEPH D. LENTO,

AN ATTORNEY AT LAW

(Attorney No. 013252008)

ORDER

FILED
APR 26 2017

18-CV-1524 (JMV)

The Disciplinary Review Board having filed with the Court its decision in DRB 15-425, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(E), **JOSEPH D. LENTO** of **NARBERTH, PENNSYLVANIA**, who was admitted to the bar of this State in 2008, should be reprimanded based on discipline imposed in the Commonwealth of Pennsylvania for unethical conduct that in New Jersey violates RPC 5.4(a)(sharing legal fees with non-lawyer), RPC 7.3(d)(compensating or giving anything of value to a person to recommend or secure the lawyer's employment by a client, or as a reward for having made a recommendation resulting in the lawyer's employment by a client), and RPC 8.4(a)(violating the RPCs);

And **JOSEPH D. LENTO** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that the appropriate quantum of discipline for respondent's unethical conduct is a one-year term of suspension from practice, retroactive to the date of the suspension imposed in Pennsylvania, effective July 17, 2013;

And good cause appearing;

It is ORDERED that **JOSEPH D. LENTO** is suspended from the practice of law for a period of one year, effective July 17, 2013, and until the further Order of the Court; and it is further

ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and

actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 25th day of April, 2017.

CLERK OF THE SUPREME COURT