**FILED,** Clerk of the Supreme Court, 09 Apr 2026, **091697**

**SUPREME COURT OF NEW JERSEY**
**D-58 September Term 2025**
**091697**

In the Matter of                          :

Joseph D. Lento                           :

                                   **O R D E R**

An Attorney at Law                        :

(Attorney No. 013252008)      :

The Disciplinary Review Board having filed with the Court its consolidated decision in DRB 25-183 and DRB 25-200, recommending as a matter of reciprocal discipline pursuant to Rule 1:20-14(a) that **Joseph D. Lento**, formerly of **Marlton**, who was admitted to the bar of this State in 2008, and who has been temporarily suspended from the practice of law since January 6, 2026, should be suspended from the practice of law for two years based on discipline imposed by the Supreme Court of Pennsylvania for unethical conduct that in New Jersey constitutes violations of RPC 1.1(a) (engaging in gross neglect) (five instances), RPC 1.2(a) (failing to abide by the client's decisions concerning the scope and objectives of the representation) (two instances), RPC 1.3 (lacking diligence) (five instances), RPC 1.4(b) (failing to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information) (two instances),

1

**FILED,** Clerk of the Supreme Court, 09 Apr 2026, **091697**

RPC 1.4(c) (failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation) (two instances), RPC 1.5(a) (engaging in fee overreaching) (two instances), RPC 1.9(a) (engaging in a conflict of interest), RPC 1.16(d) (upon termination of the representation, failing to refund any advance payment of a fee that has not been earned or incurred and failing to surrender papers and property to which the client is entitled) (three instances), RPC 5.1(a) (failing to supervise another lawyer) (four instances), RPC 5.1(b) (failing to make reasonable efforts to ensure that a lawyer, over whom the attorney has direct supervisory authority, conforms to the RPCs), RPC 5.1(c)(1) and (2) (holding a lawyer responsible for another lawyer's violations of the RPCs if the lawyer orders or ratifies the conduct, or the lawyer has direct supervisory authority over the other lawyer and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action) (two instances), RPC 5.3(a) (failing to supervise non-lawyer staff) (four instances), RPC 5.3(c)(1) (rendering a lawyer responsible for the conduct of a non-lawyer assistant that would be a violation of the RPCs if the lawyer orders or ratifies the conduct involved) (two instances), RPC 5.3(c)(2) (rendering a lawyer responsible for the conduct of a non-lawyer assistant that would be a violation of the RPCs if the lawyer has direct supervisory authority over the person and knows of the

**FILED,** Clerk of the Supreme Court, 09 Apr 2026, **091697**

conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action), RPC 5.5(a)(1) (engaging in the unauthorized practice of law), RPC 8.1(a) (knowingly making a false statement of material fact in a bar admission application), RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (four instances), and RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice) (three instances); and

The Disciplinary Review Board having further recommended that, upon respondent's reinstatement to the practice of law, respondent be required to practice law under the supervision of a proctor for a minimum of two years, and until further order of the Court;

And good cause appearing;

It is ORDERED that **Joseph D. Lento** is suspended from the practice of law for two years, and until further order of the Court, effective immediately; and it is further

ORDERED that upon reinstatement respondent shall practice law under the supervision of a proctor for two years, and until further order of the Court; and it is further

ORDERED that respondent shall remain suspended from the practice of law pursuant to the order filed on January 6, 2026; and it further

FILED, Clerk of the Supreme Court, 09 Apr 2026, **091697**

ORDERED that respondent comply with <u>Rule</u> 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to <u>Rule</u> 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of <u>Rule</u> 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to <u>Rule</u> 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in <u>Rule</u> 1:20-17.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 6th day of April, 2026.

**CLERK OF THE SUPREME COURT**

4